The judgment appealed from is therefore Affirmed.

---

(84 South. 197)

No. 23659.

HADDAD v. COMMERCIAL MOTOR TRUCK CO.

(March 1, 1920. Rehearing Denied April 5, 1920.)

(Syllabus by Editorial Staff.)

1. EVIDENCE ⬤⟳9—COURTS JUDICIALLY KNOW THAT MOTORTRUCKS ARE PROPELLED BY GASOLINE ENGINES.

The Supreme Court will take cognizance of the fact that motortrucks are operated or propelled by gasoline engines or motors which by the use of gasoline produce their own energy or motive power.

2. MASTER AND SERVANT ⬤⟳361—DRIVER OF MOTORTRUCK HELD TO BE OPERATING "ENGINE" OR "MACHINERY" WITHIN EMPLOYERS' LIABILITY LAW; "MACHINE"; "ENGINE AND OTHER FORMS OF MACHINERY."

Where the driver of a motortruck used in his employer's business was killed by falling therefrom, the wheels passing over his body, the death occurred while decedent was engaged in the operation of an "engine and other forms of machinery" within Employers' Liability Law, § 1, par. 2, subd. (a), an "engine" being an ingenious or skillful contrivance used to effect a purpose, and is often synonymous with the word "machine"; machinery being any combination of mechanical means designed to work together so as to effect a given end.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Engine; Machine; Machinery.]

3. APPEAL AND ERROR ⬤⟳1178(1)—CAUSE MUST BE REMANDED ON REVERSAL OF ORDER SUSTAINING EXCEPTION OF NO CAUSE OF ACTION AFTER TRIAL ON MERITS.

Where appeal is taken from an order sustaining exception of no cause of action after trial on the merits, on reversal, cause will be remanded for a decision on the merits.

Provosty, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Proceedings under the Employers' Liability Law by Mrs. Osie Haddad, to recover for the death of her husband, opposed by the Commercial Motor Truck Company, employer. From a judgment sustaining an exception of no cause of action after a trial on the merits, plaintiff appeals. Reversed and remanded, with directions.

Murff & Mabry, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

DAWKINS, J. Plaintiff appeals from a judgment sustaining an exception of no cause of action, after a trial on the merits in this

case. The exception had formerly been overruled by another judge of the same court, prior to the trial on the merits.

The action was brought under the Employers' Liability Law, and the petition alleges that the husband of plaintiff was killed while in the discharge of his duties, "driving a motortruck, the property of said company, on the public road near Grand Cane, La. Her husband was killed by falling from said motortruck, some of the wheels of which passed over his body."

Defendant admits the employment of the deceased, but denies that it is engaged in any of the businesses mentioned or contemplated by the employers' liability statute, or that the said Haddad was performing any service which fell within that category.

## Opinion—Exception of No Cause of Action.

The question of whether or not the petition discloses a cause of action, depends upon the interpretation to be given to the following sentence of subdivision (a) of paragraph 2 of section 1 of Act No. 20 of 1914, to wit:

"Every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, businesses and occupations: * * *

"The installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery."

The petition alleges, in addition to the nature of the work which the deceased was performing at the time of his death:

"That her said husband was an employé of the Commercial Motor Truck Company prior to and at the time of his death; said company is a corporation organized under the laws of the state of Louisiana, domiciled at Shreveport, Louisiana, with W. H. Jordan as president; said M. G. Haddad having worked for said company or corporation for some time as a driver of motortrucks, selling and delivering same, and performing any other duties he was called on to do in connection with said company's motortruck business."

The effect of this and the other allegations of the petition is to charge that the defendant was engaged in the handling, selling, operation, and delivery of motortrucks, and the issue therefore is as to whether or not it was operating "engines" or "other forms of machinery," within the meaning and contemplation of the clause of the statute above quoted.

[1] We think we may take cognizance of the fact that motortrucks are operated or propelled by gasoline engines or motors, which by the use of gasoline produce their own energy or motive power. The driving of such motortrucks necessarily involves the operation of such engines.

"The word 'engine' is defined as an ingenious or skillful contrivance used to effect a purpose, and is often synonymous with the word 'machine.' Within such definition, an electric passenger elevator is an engine. Lefier v. Forsberg, 1 App. D. C. 36, 41." Words and Phrases, vol. 3, p. 2395.

An engine, according to the Century Dictionary, is:

"A skillfully contrived mechanism or machine, the parts of which concur in producing an intended effect; a machine for applying any of the mechanical or physical powers to effect a particular purpose; especially a self-contained, self-moving mechanism for the conversion of energy into useful work; as a hydraulic engine for utilizing the pressure of water; a steam, or gas, or air engine, in which the elastic force of steam, gas, or air is utilized."

According to the same authority, machinery is defined as follows:

"The parts of a machine considered collectively; any combination of mechanical means designed to work together so as to effect a given end, as the machinery of a watch, a canal lock; any complex system of means and appliances; any mechanical device to carry on any particular work, or keep anything in ac-

tion, or to effect a specific purpose or end; as the machinery of government."

[2] There could be but little doubt that if the deceased had been required, in the course of his employment, to operate a stationary gasoline engine on the premises of the defendant, the service would have fallen clearly within the provisions of the Employers' Liability Law, no matter for what purpose its use might have been intended. Can it be said that, because he was required to operate the same character of engine in a self-propelling vehicle, the statute does not apply? We think not. Would the driver of a motorbus for the transportation of freight and passengers be engaged in the operation of an engine or machinery? We think so. Not only does the operation of a motortruck involve the operation of an engine (gasoline), but also the operation of machinery, in its broader sense, as defined by the authority above cited. It involves the operation of the gasoline engine, as a part of the machinery of the truck, which in the ordinary, common, and everyday use of the word is a "machine."

We therefore think that the exception of no cause of action should be overruled.

[3] Inasmuch as the lower court did not pass upon the merits, and the case is before us upon appeal from the judgment sustaining the exception of no cause of action alone, it will be necessary to remand the same for a decision on the merits. Parks et al. v. Hughes, Sheriff, et al., 145 La. 221, 82 South. 202.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby annulled and reversed; and it is now ordered and decreed that the exception of no cause of action filed by defendant be, and same is hereby, overruled. It is further ordered that this case be, and the same is hereby, remanded to the lower court for a decision upon the merits; the costs of this appeal to be paid by the appellee, and all other costs to await final judgment.

PROVOSTY, J., dissents.

O'NIELL, J., concurs in the decree.