RICHARDSON v. CRESCENT FORWARD-
ING & TRANSP. CO., LTD.

(July 1, 1931. Opinion and Decree.)
(July 20, 1931. Rehearing. Refused.)
(October 6, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)

A. H. Reed, of New Orleans, attorney for plaintiff, appellee.

John May, A. M. Suthon and John A. Smith, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. Plaintiff claims compensation under the provisions of Act No. 20 of 1914 (as amended), alleging that he was employed by defendant as a laborer in its drayage business and that he was injured on the river front on November 20, 1930, while loading 1,000-pound drums on defendant's truck.

The sole defense is that plaintiff does not come under the provisions of the Compensation Law because drayage business is not listed in the said law as a hazardous occupation or business.

There was judgment in favor of plaintiff as prayed for, and defendant has appealed.

The evidence shows that defendant is engaged in the drayage business of hauling heavy freight with motortrucks. Plaintiff had been in its employment for a number of years, formerly as a driver of one of its trucks, but for several years prior to the accident as a member of a crew of four men, who went with the trucks for the purpose of loading and unloading the freight from them.

On the day in question the crew was attempting to load heavy steel drums on the truck and the "skidder" on which they were attempting to roll the drums upon the truck slipped, causing a drum to fall on plaintiff's foot and resulting in the injury complained of.

The issue presented here was decided by this court in the case of Labostrie v. Weber, 15 La. App. 241, 130 So. 885, 886. In that case plaintiff was a negro laborer employed by defendant to drive his motor-truck and assist in loading and unloading it. At the time he was injured he had been ordered by his employer to assist in demolishing a building where defendant intended to erect a new building to house the motortrucks. The defense was that the employer's business was not enumerated among those classifications mentioned as hazardous under the Compensation Act and that the injury did not arise out of or during the course of plaintiff's employment. In disposing of these issues we said:

"Did Weber's business come within the enumeration of occupations classified as hazardous under the compensation statute? Subsection (a) of paragraph 2 of section 1 of Act 20 of 1914 reads as follows:

" 'Every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, businesses and occupations: * * *

" 'The installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery.'

"In considering this section, the Supreme Court, in Haddad v. Commercial Truck Co., 146 La. 897, 84 So. 197, 9 A. L. R. 1380, held that the operation of a motortruck was a hazardous occupation because motortrucks are propelled 'by gasoline engines or motors, which by the use of gasoline produce their own energy or motive power. The driving of such motortrucks necessarily involves the operation of such engines.' The court then gives a definition of the word 'engine,' and concludes that the operation of a gasoline engine is as much contemplated by the statute as hazardous as the operation of a stationary engine.

"It follows, therefore, that an employer, who is engaged in moving furniture by means of a motor-driven vehicle, is engaged in an occupation which comes within those enumerated in subsection (a) of paragraph 2 of section 1 of Act 20 of 1914. Consequently, we find as a fact that Labostrie, by reason of his employment in the operation of a motor-driven vehicle, was engaged in a hazardous occupation. See, also, Beebe v. McKeithen Const. Co., 5 La. App. 179; Plick et al. v. Toye Bros. Auto & Taxicab Co., 13 La. App. 525, 127 So. 59.

"Finally, it is contended that Labostrie was not injured in the course of his employment. This argument is based upon the fact that Labostrie was not driving the motortruck when injured. Hence it is said that his injury was not received during and did not arise out of his employment. He was attempting to remove the roof from the building, when a part of it fell and injured him. If he had been hurt while standing still upon his employer's premises, in a location where his business required him to go, he would, nevertheless, be entitled to recover, because, it having been established that his employer's business was hazardous, he could recover under the Compensation Statute, whether his injuries were received while engaged in the hazardous or nonhazardous feature of his employment; no distinction being made in the act between the duties of an employee which may be said to be hazardous and those which are otherwise.

"In Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303, 304, the court said:

" 'In the present case, plaintiff's husband was admittedly engaged in both hazardous and nonhazardous branches of his employer's business. It was all one employment for which he received but one compensation. Therefore, it is immaterial whether

his nonhazardous duties constituted his major employment to which his hazardous duties were merely incidental, or vice versa. The fact remains that the deceased met his death while actually engaged in performing duties, whether main or incidental, called for by his employment.'

"See, also, Ferguson v. Cady-McFarland Gravel Co., 156 La. 871, 101 So. 248; Dyer v. Rapides Lumber Co., 154 La. 1091, 98 So. 677."

But counsel for defendant say this authority is not in point because plaintiff in this case was not employed as a truck driver. It is quite true that he was not employed as a truck driver, but his duties brought him necessarily into frequent contact with trucks and on many occasions required that he ride on them. In this way it was necessary for him to work in and around machinery, and whether or not he himself operated the machinery is of no great importance.

We quite agree with counsel for defendant that the mere fact that certain phases of the general work conducted by a master are hazardous does not result in bringing under the protection of the act all employees, whatever may be their duties. For instance, stenographers, office boys, bookkeepers, and such other employees as are not brought into contact with the hazardous features of the master's business are not protected, and, if injured, must seek redress under article 2315 of the Civil Code. But, where certain phases of the work are hazardous and are within the contemplation of the compensation statutes, all employees engaged therein, or necessarily brought into direct contact therewith, are afforded the protection which the compensation statutes were designed to furnish. In an interesting Illinois case a company was engaged in the manufacture and sale of ice, coal, coke,

etc., and maintained a barn in which it kept horses used in the delivery of its products. The deceased was a teamster employed by the company to deliver ice and coal, and he was killed as a result of being kicked by a horse while he was feeding it. It was strenuously argued that the deceased was not engaged in the hazardous part of the company's business, but the court said:

"Here the duties of the deceased required him to work in and around the plant where the ice was manufactured, and included the loading of ice and the care of the horses in a large stable on the premises of plaintiff in error immediately adjacent to the main ice plant. We cannot see how it can fairly be held that the employment in which the deceased was engaged was not a part of plaintiff in error's business or occupation of manufacturing and selling ice. * * * The men in the building of plaintiff in error where the machinery was located and the ice manufactured were certainly within the act. The workmen around the building and caring for the property were within the act. Those whose duties took them to the plant to take away the product were within the act, and we can reach no other conclusion than that the duties of the deceased were of such a nature, so related to and connected with the occupation of plaintiff in error, as to require that plaintiff in error, under the provisions of the Workmen's Compensation Act, shall be held liable for the injury." Suburban Ice Co. v. Industrial Board of Ill., 274 Ill. 630, 113 N. E. 979, 981, 14 N. C. C. A. 1080.

We find the reasoning above quoted applicable here.

For the reasons assigned, the judgment appealed from is affirmed.

JANVIER, J., takes no part.