### CREWS et ux. v. LEVITAN SMART SHOPS, Inc., et al.*

### No. 16514.

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1937.

*Rehearing denied Feb. 8, 1937.

Henry, Suthon & Kelleher, of New Orleans, for appellants.

Porteous, Johnson & Humphrey, of New Orleans, for appellees.

Gordon Boswell, of New Orleans, amicus curiæ.

WESTERFIELD, Judge.

Mr. and Mrs. Roy B. Crews brought this suit against the Levitan Smart Shops, Inc., Mrs. Crews' employer, and National Casualty Company, its insurer, claiming $12,000 as damages for physical injuries and expenses in connection therewith. Mrs. Crews was injured while riding in an automobile belonging to her employer and, at the time of the accident, driven by a fellow employee for whose alleged negligence her employer is charged with responsibility. The sum of $10,000 was claimed for Mrs. Crews' injuries and $2,000 by her husband, as head and master of the community, for expenses.

Both defendants filed exceptions of no right or cause of action, which were overruled. They thereafter answered denying liability upon the ground that Mrs. Crews' claim was compensable under the workmen's compensation statute and not under article 2315 of the Revised Civil Code, as she conceived it to be in this suit. In the alternative, it is averred that her injuries were caused by the negligence of a fellow employee for which the master was not responsible, and finally that the plaintiff Mrs. Crews was guilty of contributory negligence.

There was judgment below in favor of Mrs. Crews in the sum of $7,500 and against Mr. Crews dismissing his claim for $2,000. The defendants have appealed to this court, and Mr. Crews has acquiesced in the judgment dismissing his suit.

The Levitan Smart Shops, Inc., which we shall hereafter refer to as defendant, conducts a retail clothing store. It employs a number of people as salesmen and saleswomen, some of whom are occupied in its place of business and others are assigned to duties outside of its storehouse as solicitors or canvassers. On September 13, 1935, defendant caused to be inserted in a local newspaper the following advertisement:

"Help Wanted—Female

"Opening for two ambitious ladies, with direct selling experience, for special advertising work. Permanent position. Work for salesmanager. Transportation furnished. Hustler can make good money. Apply tonight 6 p. m. to 8 p. m. 1630 Dryades Street."

The address mentioned in the advertisement is the place of business of defendant. Mrs. Crews answered the advertisement and, evidently being regarded as satisfactory, was employed as one of defendant's solicitors. Her duties consisted in driving about in an automobile supplied by her employer and in calling upon prospects in residential neighborhoods in an effort to sell them "club plan accounts" which, we understand, to be a sort of installment payment purchase. On October 4, 1935, while in company with several other employees of defendant, Mrs. Crews drove to Marrero, La., in an automobile driven by Mr. Andrew P. Whitman, the vice president and salesmanager of defendant. When the car reached the Walkertown road, Whitman got out of the car for the purpose of soliciting a prospective customer and instructed one of the other solicitors, Arthur J. Kretzchmar, to drive Mrs. Crews a little further down the highway in order to call upon another prospect. While on this errand the car became unmanageable and, after swaying from side to side, went off the road into a ditch, precipitating Mrs. Crews against the windshield and causing her to be seriously injured.

Plaintiff contends that this suit has been properly brought as a claim, ex delicto, under article 2315 of the Revised Civil Code because the defendant's business, which is referred to as that of a department store, is not hazardous. The operation of a department store, it is said, "has never been held to be hazardous, nor is it defined as hazardous in Louisiana by the Workmen's Compensation Act."

The Compensation Law of this state, Act No. 20 of 1914, as amended, provides:

"That this act shall apply only to the following:

"1. Every person in the service of the State, or of any parish, township, incorporated village or city, or other political subdivision. * * *

"2. Every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, businesses and occupations:

"(a) The operation, construction, repair, removal, maintenance and demolition of railways. * * * Any occupation entailing the manufacture, transportation, care of, use of, or regular proximity to dangerous quantities of gunpowder, dynamite, nitroglycerine and other like dangerous explosives. The installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery." Act No. 20 of 1914, § 1, subds. 1, 2(a).

In Haddad v. Commercial Motor Truck Company, 146 La. 897, 84 So. 197, 9 A.L. R. 1380, it was held that the operation of a motor vehicle was a hazardous occupation because motortrucks are "propelled by gasoline engines or motors, which by the use of gasoline produce their own energy or motor power."

This court in Labostrie v. Weber, 15 La. App. 241, 130 So. 885, following the Haddad Case, held that a negro laborer employed to drive his employer's motortruck and assist in loading and unloading it was engaged in a hazardous occupation though his employer's business was not specially enumerated in the list of occupations declared hazardous by the compensation statute, because the operation of a motortruck which is propelled by a gasoline engine was incidental to his employer's business. Subsection (A) of paragraph 2 of section 1 of Act No. 20 of 1914 (quoted above).

In the case of Richardson v. Crescent Forwarding & Transportation Company, Ltd., 17 La.App. 428, 135 So. 688, 689, this court, after referring to the Labostrie and Haddad Cases, and other authorities, including Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303, 304, held that a laborer who was injured while unloading a motortruck belonging to a drayman was covered by the Compensation Law because

his duties required him to come into frequent "contact with trucks and on many occasions required that he ride on them. In this way it was necessary for him to work in and around machinery, and whether or not he must operate the machine is of no great importance."

It is true, as counsel contends, that in the instant case the operation of a department store is not, per se, hazardous. It was also true in the Labostrie Case that the business of moving furniture was not, per se, hazardous, nor was the drayage business considered in the Richardson Case necessarily hazardous, nor the operation of a hotel, the employer's business in the Byas Case. But in all of those cases and in this case the employee, as an incident of his employment, was required to be in proximity to machinery which was operated by the employer in the interest of his business. In the Byas Case, for example, the plaintiff's husband was a bell boy who occasionally ran an elevator in a hotel operated by his employer. He was killed by a taxicab driver as a result of an altercation concerning the carrying of baggage belonging to a patron of the hotel. The court held that the employer was engaged in a hazardous and nonhazardous business, and though the employee was killed in a quarrel arising out of the nonhazardous feature of the employer's business, his widow was awarded compensation under the statute. The court quoted with approval the case of Larsen v. Paine Drug Company, 218 N.Y. 252, 112 N.E. 725. The Court of Appeal for the Second Circuit, from which court the Byas Case was ordered up by the Supreme Court on certiorari, had decided that the Compensation Law did not apply. The Supreme Court said the Court of Appeal "has given the statute a narrow and technical, rather than the liberal, construction intended and contemplated by the lawmaker, and as expressed in numerous decisions of this court."

The fact that defendant's business of running a department store is not hazardous, per se, is of no importance, because it was also engaged in the hazardous business of operating a gasoline engine, with which feature of defendant's business plaintiff was required to be in constant touch. When an employer's business is both hazardous and nonhazardous, an employee engaged in the hazardous part of the business is covered by the statute and,

if his or her duties relate to both the hazardous and nonhazardous features of the employer's business, recovery may be had in compensation even though the injury be received in the performance of nonhazardous duties.

In the Richardson Case, supra, the court, through Justice Higgins, who was at that time a member of this court, said:

"We quite agree with counsel for defendant that the mere fact that certain phases of the general work conducted by a master are hazardous does not result in bringing under the protection of the act all employees, whatever may be their duties. For instance, stenographers, office boys, bookkeepers, and such other employees as are not brought into contact with the hazardous features of the master's business are not protected, and, if injured, must seek redress under article 2315 of the Civil Code. But, where certain phases of the work are hazardous and are within the contemplation of the compensation statutes, all employees engaged therein, or necessarily brought into direct contact therewith, are afforded the protection which the compensation statutes were designed to furnish."

■ In the case at bar the plaintiff was employed as a roving solicitor. She was furnished an automobile and a driver by her employer and conveyed from house to house canvassing orders on the club plan. She was thus required to be in constant proximity to the gasoline motor which propelled the automobile in which she was transported from place to place by her employer, thus making her employment hazardous.

The holding in the case of Tregre v. Kratzer, 148 So. 271, 274, decided by the Court of Appeal for the First Circuit, is difficult to reconcile with the conclusion we have come to in this case and with the Labostrie, Richardson, and Haddad Cases which we have discussed. It was there held that an employee who was injured while being transported in his employer's truck from his place of residence to the rice fields of his employer, where he was hired to cut rice, was not covered by the Compensation Law because the employer was "not running these trucks

as a trade, business, or occupation, but used them * * * to transport these employees from their places of residence to the rice fields where they were engaged in cutting rice. Evidently, they were taken there as farm hands, and as before explained, could not, as such, claim any compensation from plaintiffs [defendants]." The opinion recognizes the fact that many authorities have held that an employee who rides in a conveyance furnished by his employer to and from his work, such "riding is within the scope of his employment." May v. Louisiana Central Lumber Company, 6 La.App. 748; Taylor v. Gulf Refining Company, 11 La. App. 270, 122 So. 162; Baker v. Colbert, 17 La.App. 518, 523, 136 So. 210. But the principle announced by these authorities was held to be inapplicable because the employers' business, rice planter, was not in its nature a hazardous occupation within the contemplation of the Compensation Law. With all due respect to our learned brethren of the First Circuit, we cannot understand how it can be said that riding in a motor-driven vehicle is within the scope of the laborer's employment and yet not covered by the Compensation Law. Nor can we understand how, in view of the holding in the Byas Case to the effect that an employer's business which though not per se hazardous may involve hazardous features entitling employees connected with the hazardous part of the business to recover, it can be said that a rice planter who uses a motortruck as an incident to his business operations is not to that extent engaged in a hazardous occupation. At any rate, we find ourselves unable to agree with the opinion of our brethren of the First Circuit.

We have concluded to remand the case to permit amendment of the pleadings and proof appropriate to an action in compensation.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that this cause be remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.