## COMEAUX v. SOUTH COAST CORPORATION.

### No. 16667.

Court of Appeal of Louisiana. Orleans.

Feb. 7, 1938.

For original opinion, see 175 So. 177, and for opinion amending original decree, see 176 So. 142.

Miller, Bloch & Martin, of New Orleans, for appellant.

J. A. Woodville, of New Orleans, for appellee.

McCALEB, Judge.

Plaintiff filed this suit to recover damages for injuries sustained by her while in the employ of the defendant corporation, and obtained a judgment in the district court for the sum of $3,750. On appeal here, the judgment was reversed on the ground that whatever rights she had for redress were exclusively covered by the Employers' Liability Act of this state. For the facts and the law of the case, see La.App., 175 So. 177.

In our original decree, the plaintiff's suit was dismissed for the reason that she had founded her cause of action for damages under article 2315 of the Code and had not made a demand for compensation under the Employers' Liability Act, Act No. 20 of 1914, as amended. On October 4, 1937, by a per curiam order, on plaintiff's application for rehearing, we amended our original decree to the extent of remanding the case to the civil district court so as to permit plaintiff to amend her pleadings and restate her suit under the provisions of the compensation act. The defendant applied for a rehearing on this per curiam order and questioned our right to remand the case. Its application was granted and the matter is now submitted to us on that point.

The order amending our original decree, reported in La.App., 176 So. 142, is based upon our decision in Crews v. Levitan Smart Shops, 171 So. 608, where, in a situation identical with that in the present case, we remanded the matter to allow the amendment of the pleadings and proof appropriate to an action in compensation.

Counsel for defendant vigorously contest our right to permit an amendment of the pleadings in cases such as this and point to previous adjudications of the Supreme Court as well as this court wherein it has been held that, in the absence of an alternative prayer for workmen's compensation, a reformation is not allowable.

Particular reliance is placed in the case of Labourdette v. Doullut & Williams Shipbuilding Co., 156 La. 412, 100 So. 547, 549.

In that matter the plaintiff filed an action ex delicto for the death of his son who was killed accidentally while in the employ of the defendant. An exception of no cause of action was filed to his petition on the ground that his remedy, if any, was under the Employers' Liability Act. This exception was overruled by the district judge but, on trial of the merits of the case, it was renewed by objection to evidence. The judge, upon a reconsideration of the plea, found that it was well taken, maintained it and dismissed the plaintiff's suit. On appeal, the Supreme Court affirmed the decision and refused to countenance the plaintiff's recovery under the compensation act. In arriving at its conclusion, the court said:

"The next and last question is, Can plaintiff recover in this suit under the Employers' Liability Act? In our opinion he cannot. *The petition contains no demand for compensation under that act, and the courts cannot supply such a demand.* The prayer for general relief will not answer the purpose of a demand of that nature, resting, as such a demand does, upon principles different from those upon which rests a suit for damages under article 2315 of the Code. See Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381." (Italics ours.)

We fail to see any material distinction between the above-cited case and the one now under consideration. The plaintiff here has based her cause of action exclusively for damages under article 2315 and not under the compensation act. She has always contended that her case was not governed by the provisions of the compensation act and has insisted that her rights were determinable under article 2315. It was only after she was unsuccessful in her position before this court that she, for the first time, suggested that she should be entitled to amend her pleadings to conform with the terms of the Employers' Liability Act. This relief cannot be granted in view of the Labourdette Case. See, also, Holthaus v. Lane Cotton Mills Co., 3 La.App. 314, and Freiss v. Lone Star Cement Co., La.App., 161 So. 209.

It is true that, in Crews v. Levitan Smart Shops, supra, in a situation similar to that now presented, we allowed the plaintiff to amend her pleadings but, there, our attention was neither directed to the Labourdette Case nor did defendant's counsel object to the decree rendered by us.

■ For the reasons assigned, our per curiam order of October 4, 1937, amending our original decree, is recalled, vacated, and set aside and our original opinion and decree herein are reinstated as the final judgment of this court, reserving to plaintiff, however, the right to sue for compensation under the Employers' Liability Act.

Original decree reinstated.