## ALLEN et al. v. YANTIS.
### No. 2128.

Court of Appeal of Louisiana. First Circuit.
June 5, 1940.

Robert R. Stone, of Lake Charles, for appellant.

Plauche & Stockwell, of Lake Charles, for appellee.

OTT, Judge.

The plaintiff is the widow and duly qualified natural tutrix of her minor child and brings this suit to recover compensation for herself and in behalf of her minor child on account of the death of her husband and the father of the minor, the death of the deceased husband and father having resulted from an injury which he received while in the employ of the defendant on November 21, 1936. She asks for compensation in the total sum of $1,458, being 46¼ per cent of his weekly wage of $10.50 for a period of 300 weeks.

The plaintiff alleges in her petition that her deceased husband at the time of his injury was employed by Harold Yantis, the defendant, working in his capacity as a farm laborer on defendant's farm, and at the time he was injured he was following the duties devolving on him as a farm laborer at a task designated for him to do by his employer; that at the time he was injured he was helping to load a gasoline motortruck with rough rice stored on the lower floor of a barn on the farm of the defendant when the barn collapsed upon him, crushing him to such an extent as to cause his death a few days later.

The defendant filed a motion to strike out certain allegations in the petition, a plea of prescription, an exception of no cause or right of action and a plea of prematurity. The trial court sustained the motion to strike out and the plea of prescription and dismissed the suit. The plaintiff appealed to this court and the judgment was reversed and the case remanded. 190 So. 236.

The trial court then took up and considered the exception of no cause or right of action, and in a written opinion wherein he gave extended reasons, sustained the exception of no cause or right of action and again dismissed the suit. The plaintiff has taken an appeal from this last judgment which dismissed her suit on this exception, and she is again asking us to reverse the judgment of the trial court and permit her case to be heard on the merits.

The pertinent part of the reasons given by the trial judge in sustaining the exception will appear from the following extract taken from his reasons:

"In the case under consideration the petition alleges that the deceased was employed on a farm; that he was in the employ of defendant working in his capacity as a farm laborer on the Yantis farm, and at the time he was injured he was following the duties devolving on him as a farm laborer. The only allegation in the petition which suggests that such occupation would be hazardous is where the petition alleges that at the time he was injured he was helping to load a gasoline motor truck with rough rice which was stored on the lower floor of the barn on the Yantis farm and the said barn collapsed on him and he was crushed to such an extent as to cause his death a few days later. There is no allegation in the petition that the defendant was engaged in operating motor trucks or in operating any threshing machines, nor is there any allegation indicating that the deceased was employed in the operation or even in connection with any such engine or machine. Even conceding that there were certain features of the defendant's trade, business or occupation that were hazardous and thus within the scope of the Compensation Act, there is no allegation in the petition that the deceased was even the driver of this motor truck or that he ever came in actual contact with any machinery; but the petition would indicate that the motor truck was stationary, waiting to be loaded, and that the deceased was even some distance from the truck, in the barn, at the time of the injury.

"This Court is frank to say that in this modern age of agriculture, as well as in any other business, trade or occupation, it is well nigh impossible to operate any business without the use of some motor vehicle, but this Court under the allegations in this petition concludes that this defendant was engaged in farming, and that the deceased at the time of the accident was in the employ of the defendant in his capacity as a farm laborer, and that such employment is not covered by the Workmen's Compensation Act. To hold that this employment as alleged in the petition comes within the provision of the Compensation Act would be extending the provisions of that Act entirely too far, and would be tantamount to re-

quiring every farmer in the country to carry compensation insurance."

■■ It is true that in a compensation suit where the petition shows that the business of the employer is nonhazardous and further sets out a state of facts which shows that the regular duties of the employee pertained to nonhazardous work and that he was engaged in such nonhazardous work when injured, the petition fails to state a right on the part of the injured employee or his dependents to recover compensation. And in such a situation, where the petition sets out such facts showing the nature of the employer's business, the duties of the employee under his employment and the manner in which he was injured, and all these facts in the petition show that, if they are proven, there could be no recovery of compensation, it would be proper for the court to sustain an exception to the petition and avoid a useless trial that could lead to no other result other than a dismissal of the suit. Rester v. Community Stores, Inc., La.App., 169 So. 183; De Lony v. Lane et al., La.App., 155 So. 476.

■ However, if it cannot be definitely determined from the petition whether or not plaintiff is entitled to compensation because the petition is carelessly drawn and does not set forth clearly the nature of the employer's business and the duties of the employee, but does allege a relationship of employer and employee and an injury sustained in the course of the employment, the petition should not be dismissed on an exception of no cause or right of action. In such a case, the plaintiff should be permitted to show by the evidence the nature and character of his employer's business and the kind of work performed by the employee, as well as the manner of sustaining the injury, leaving it for the court to determine from the facts in the case whether or not the work was of such a hazardous nature as to come within the compensation law. Pierre v. Barringer, 149 La. 71, 88 So. 691; Stockstill v. Sears-Roebuck & Co., La.App., 151 So. 822.

This liberality of pleading in cases of this kind is in line with the spirit as well as the letter of the compensation law which provides that the judge shall not be bound by the ordinary rules of evidence and the usual technical and formal procedure followed in ordinary cases. Of course, the defendant has the right by proper and timely action to require the plaintiff to amend his pleadings so as to set up such reasonable facts as may be necessary to a proper defense of the suit.

■ In the light of these rules, we are to determine whether or not the learned trial judge was justified in dismissing the suit in this case on an exception of no cause or right of action. Obviously, if the petition had alleged nothing more than that the deceased was a farm laborer employed by the defendant to do ordinary farm work, such as storing rice in a barn, or loading the rice on a wagon, and that he was injured while performing this kind of work, the petition would have shown on its face that the injury is not compensable, as the compensation law does not class farming and ordinary farm work as one of the hazardous businesses, trades and occupations.

But the petition also alleges that at the time of the injury of the deceased, he was following the duties devolving on him as a farm laborer at a task assigned him by the defendant; i. e., helping to load a gasoline motortruck with rough rice stored on the lower floor of the barn, when this barn collapsed, causing the injury from which the deceased thereafter died. Assuming that the plaintiff could prove no more than she alleges, that is the deceased was injured while assisting in loading rice on a motortruck as a regular part of his duties, she has shown a right to recover compensation under the authority of several decisions which we will hereafter discuss. And when we consider the further fact that under the allegations of the petition the plaintiff may be able to show other duties of the deceased in connection with the loading or operation of the motortruck, we have no hesitancy in holding that she should be permitted to show just what the duties of the deceased were and how he was injured in connection with his discharge of them.

Among the trades, businesses and occupations declared to be hazardous under Section I of Act 20 of 1914, is that of the installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery. In an early case, Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A.L.R. 1380, the Supreme Court held that the driver of a motortruck who was killed when he fell from the truck was engaged in a hazardous business, as his duties involved the operation of a gasoline engine and therefore came within the compensation law.

In the case of Labostrie v. Weber, 15 La.App. 241, 130 So. 885, the plaintiff's

duties were to drive a motortruck in moving furniture and helping load and unload the furniture onto and from the truck. The defendant was engaged in operating a barbershop and the business of moving furniture with motortrucks. The plaintiff was not injured while driving the truck, but while demolishing a building used by the employer to house his trucks, preparatory to the erection of a new building for that purpose. It was held that, as that part of defendant's business of moving furniture by means of motortrucks was hazardous and as plaintiff when injured was engaged in work incidental to that hazardous part of defendant's business, he was entitled to compensation. We are in accord with this decision for the reason that his duties of driving motortrucks as an operator thereof were hazardous as held by the Supreme Court in the Haddad case, supra.

In the two cases of Richardson v. Crescent Forwarding & Transp. Co., Ltd., 17 La.App. 428, 135 So. 688, and Snear v. Eiserloh, 144 So. 265, our brothers of the Orleans Court of Appeal extended recovery under the compensation law to cover employees who did not operate the motortrucks but whose duties consisted only in loading or unloading freight onto or from the trucks. It was conceded that the drayage business is not one of those declared to be hazardous under the compensation law, but it was held that as the duties of these employees required them to work in close proximity to these motor vehicles and to come in frequent contact with them, and ride on them, their work was hazardous.

■ While we are in full accord with the tendency of extending the protection to laborers under the compensation law by making a liberal construction of it in embracing just as many employees thereunder as will be justified by a liberal interpretation, yet we feel that there is quite a difference in extending the law to cover the driver or operator of a gasoline engine as was done by the Supreme Court in the Haddad case and as the law itself implies, and in extending the law to cover those who have nothing to do with the installation, repair, removal or operation of these gasoline engines, but only work in close proximity to them or come in frequent contact with them. It seems to us that if the Legislature had intended to include those who work in close proximity to engines and machinery, or come in contact with them, where the employer's business, trade or occupation is not

declared to be hazardous, words would have been used to indicate that intention, rather than using only the words installation, repair, erection, removal or operation of engines and other forms of machinery.

Of course, where the employer's primary and principal business is one of those classified as hazardous under paragraph 2(a) of Section I of Act 20 of 1914, such as a factory, mill, ice plant, cotton gin, logging, etc., an employee would be covered by the act if his duties required him to perform any services in connection with that part of his employer's business, or incidental thereto. And if, in the conduct of said business, an employee's duties required him to work in close proximity to engines and other machinery, or come in frequent contact therewith, he would come within the act even though he was not required to operate the engines and machinery himself.

■■ But we conceive it to be quite different where the employer's primary business is nonhazardous, such as farming, for in that case in order for the employee to come under the compensation law, he must, as a part of his regular duties, be performing services that arise out of some regular feature of his employer's business which is hazardous. So that the farmer who regularly uses a motortruck in his farming operations may be said to be engaged in a hazardous business only as to the driver or operator of the truck, and not as to those who load and unload that truck with cotton, corn, potatoes and other farm produce. If all the farm hands who sometime during the year are required to load and unload farm produce on the truck, or ride on it occasionally for that purpose, are protected by the compensation law, it would be tantamount to holding that practically every farmer, large or small, would come under the act and should protect himself by compensation insurance. We seriously doubt if the Legislature in passing the law ever intended such a result. We are not saying that farm hands should not be protected by the compensation law, but we do feel that if the Legislature intended for them to be protected by the law, it could have easily included farming as one of the trades and businesses covered therein.

For us, we can see no more hazard involved in loading and unloading, and occasionally riding on for that purpose, a farm truck, than in loading and unloading and riding on a wagon drawn by horses or mules. In fact, there would be less danger

in loading and unloading a truck standing with the gasoline cut off than in loading or unloading a wagon with one or more fractious or kicking mules or horses hitched to it. Some of us brought up on the farm are familiar with the dangers incident to the latter operation. Of course, this does not apply to the driver or operator of the motortruck whose duties are declared by the law itself to be hazardous.

While the decision of this court in the case of Tregre et al. v. Kratzer et al., 148 So. 271, was not based altogether on the above reasoning, yet we are persuaded that the decision is correct in principle for the reason that the employer was engaged in the nonhazardous business of farming and the injured employees were not required as a part of their duties to perform any hazardous duties. Their work was that of farm laborers and they were not required to operate motortrucks. The situation would have been different as to the driver of the truck because the law protects one operating the truck.

It is because of the fact that the employers were not engaged in a hazardous business and the employees' duties did not require them to perform services declared to be hazardous that we find ourselves unable to agree with our brethren of the Orleans Court of Appeal in the cases of Comeaux v. South Coast Corporation, 175 So. 177, and Crews et ux. v. Levitan Smart Shops, Inc., et al., 171 So. 608. However, we can readily see if, as previously held by that court, one who loads or unloads a truck is covered by the act where his employer's primary business is not hazardous, the reasoning which would include an employee whose duties require him to ride on the truck should also be covered.

We had occasion to comment on the above two cases in our opinion in the recent case of Lewis, Sr. v. A. Moresi Co., Ltd., 196 So. 70 (not yet reported [in state report]), and there expressed our doubt as to the correctness of those decisions for much the same reason as herein given.

We think that our conclusions are fully supported by the decision of the Supreme Court in the cases of Byas v. Hotel Bently, Inc., 157 La. 1030, 103 So. 303, and Rayburn v. De Moss, 194 La. 175, 193 So. 579. In the former case the deceased was employed as a bell boy and also operated the elevators in the hotel at times. His employer was engaged in a business that had both hazardous and nonhazardous features and the employee was required to perform services in both of these branches of the business and for that reason he was protected by the compensation law. In the latter case the defendant's primary business was that of a farm and dairy in connection with which he operated a truck but the plaintiff had nothing to do with the operation of the truck, and he was denied compensation, as he was injured while rebuilding a dairy barn.

We have gone into this matter rather fully as there seems to be considerable confusion in the decisions on the question. If we are wrong in our conclusions, the highest court of the State will no doubt clarify the matter, and if the law itself is not broad enough, the Legislature has the right to extend its scope. The clarification of the question is important to both employers and employees.

In any event, we are certain in the present case that the exception of no cause or right of action should be overruled for at least two reasons: (1) if those cases are correct which hold that an employee is entitled to compensation when injured while loading or unloading a motortruck as part of his duties where his employer is engaged in a primary nonhazardous business, then her petition sets out a right of action; and (2) the plaintiff should be permitted to prove the nature and character of the duties of the deceased under his employment and the nature and character of his employer's business, or part thereof, which might be hazardous, as well as the manner in which the injury occurred, in order that the court might determine whether or not the case is compensable.

For the reasons assigned, it is ordered that the judgment be reversed, and it is now ordered that the exception of no cause or right of action be and the same is hereby overruled and the case is remanded for proceedings in accordance with the views herein expressed; defendant to pay the cost of appeal, and all other cost to await the final termination of the suit.