When considering this case originally, after having decided to sustain the plea of estoppel interposed by the defendant, we inadvertently failed to consider and pass upon the merits of plaintiff's alternative demand, to wit: the tort action. Our attention having been called to the oversight, through application therefor, a rehearing was granted to the end that this phase of the suit might be adjudicated. In all other respects the application for a rehearing was denied.
The lower court reached the conclusion that plaintiff's primary demand should prevail and, accordingly, awarded him workmen's compensation; or, in other words, held that his right to recover herein was governed by Act No. 20 of 1914, as amended, being the Workmen's Compensation Law, and not by Articles 2315, 2316 and 2317 of the Civil Code, which, in a general way, largely constitute the law of tort of this state.
In passing on the plea of estoppel, it was not necessary to definitely determine which of the two laws had controlling influence in the case. We simply held that in view of record facts, plaintiff was precluded from further prosecution of his primary demand against the defendant. The situation now is such that we are called upon to specifically say whether the case, as originally tendered, was governed by the Workmen's Compensation Law or the law of tort. If by the former then clearly the alternative demand, in law, has no foundation upon which to rest because it is provided by Section 34 of the Workmen's Compensation Law that: "the rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations, or otherwise, on account of such injury." As amended by Act No. 38, Session Acts of 1918.
The restrictive provisions of this law have been literally applied and enforced in many cases, including the following: Thomas v. Shippers' Compress Warehouse Company, Inc., La. App., 158 So. 859; Dourrieu v. Board of Commissioners of Port of New Orleans, La. App., 158 So. 581; Labourdette v. Doullut Williams Shipbuilding Company, Inc., 156 La. 412, 100 So. 547; Roy v. Mutual Rice Company of Louisiana, 177 La. 883,149 So. 508.
[7] The established facts of the case disclose that the defendant owned the truck that was involved in the accident in which plaintiff was injured; that it was daily used by her in transporting various kinds of material, merchandise, trash, etc.; that the use of the truck in this way and manner constituted her regular business from which she earned a living. To successfully carry on said business she hired from time to time such assistants as were necessary. The testimony leaves no doubt that defendant hired, the day before the accident, plaintiff and another Negro man to *Page 585 
load and unload the truck, and that when the accident occurred they had just completed loading it with goods to be transferred to another part of the City of Shreveport. Therefore, the Workmen's Compensation Law governs the case.
[8] It has often been held that the operation of a motor truck in connection with or to prosecute a regular business, rendered such business in whole or part, hazardous. See: Haddad v. Commercial Motor Truck Company, 146 La. 897, 84 So. 197, 9 A.L.R. 1380; Collins v. Spielman, 200 La. 586, 8 So.2d 608.
Therefore, for the reasons herein assigned, plaintiff's alternative demand is rejected and his suit thereon dismissed at his cost.
KENNON, J., absent.