YARRUT, Judge.
As natural tutor, and solely for the use and benefit of his minor son, plaintiff sues in tort (under LSA-C.C. Art. 2315) to recover $1,000, for bodily injury sustained by his son (then 12 years of age) while employed as a dish washer, in defendant’s hamburger stand. The injury, caused by a motor-driven food-slicing machine, was to the thumb of the boy’s right hand, causing the loss of the major portion of the ball of the thumb. Defendant appealed from a judgment for $150 in favor of plaintiff.
The negligence charged against defendant is failure to instruct the minor of the proper safeguards when working around the offending machine; failing to supervise him while so engaged; and causing him to work in, about, and in connection with power-driven machinery in violation of LSA-R.S. 23:163(2), prohibiting a minor under 16 years of age from such employment.
Defendant generally denied the allegations of plaintiff’s petition, and set up special defenses:
(1) That plaintiff is not the natural tutor of the minor because there was no valid marriage between him and the boy’s mother;
(2) The minor was not an employee, but a trespasser;
*88 (3) That plaintiff is estopped to sue in tort because he informed defendant, prior to the employment, that the minor was more than 16 years of age;
(4) In the alternative, that the boy was guilty of contributory negligence.
 With reference to the marriage, plaintiff and the boy’s mother both testified they were married in Meridian, Miss., about 14 years before the accident, and came to live in New Orleans. The trial judge refused to admit the marriage certificate in evidence because the name of the husband therein was “Crosby” and not McLáughlin, which plaintiff explained. There is no doubt that plaintiff and his wife are the natural parents of the boy, and sufficient evidence of their marriage and conduct since the event to justify the trial court’s conclusion that the minor is their legitimate offspring. Therefore, the father had a right to sue as natural tutor.
Regarding the employment of the minor, the record is replete with evidence that the son-in-law of defendant, who was in charge of the hamburger stand during her absence, employed the boy to work in the kitchen as a dish washer at $10 per week; that the boy had been so employed for about 10 days when the accident happened ; that plaintiff brought the boy to the hamburger stand and requested that defendant’s son-in-law employ the boy in substitution of an older son, similarly employed, who had obtained employment elsewhere. We must agree with the trial court that the boy was an employee and not a trespasser. LSA-R.S. 23:233 provides that:
“The presence of any minor under sixteen years of age in any place of employment prohibited to him under the provisions of this Chapter, except during the dinner hour, shall constitute prima facie evidence of his employment therein.”
Regarding the plea of estoppel,, the father cannot be estopped because he is not seeking to recover in his own right,, but only for the use and benefit of his minor son. Nor could he, even had he misrepresented the age of his son, have prejudiced or waived the son’s protection accorded by law designed, as a matter of public policy, to protect minors of tender age from being employed in hazardous employments.
Since the minor was an employee and not a trespasser, his right to recover for the injury sustained is exclusively under the Compensation Law and not ini tort under LSA-C.C. Art. 2315. Gant v. Jackson Brewing Company, La.App., 112 So.2d 767; Estaves v. Faucheux, La.App., 111 So.2d 802; Matthews v. Buff Hottle Shows, La.App., 109 So.2d 261; Smith v. Bankston, La.App., 75 So.2d 880; Comeaux v. South Coast Corporation, La.App., 178 So. 513; LSA-R.S. 23:1032.
Accordingly, the judgment, insofar as it maintains plaintiff’s right to sue on behalf of his minor son, and holding the latter to be an employee and not a trespasser, is affirmed; otherwise is annulled and set aside, reserving plaintiff’s right to- sue for Workmen’s Compensation; defendant to pay costs in both courts in this proceeding.
Affirmed in part, set aside in part.