## RAYBURN v. DE MOSS.

### No. 5962.

Court of Appeal of Louisiana.
Second Circuit.

May 29, 1939.

Rehearing Denied June 29, 1939.

Writ of Certiorari Granted Oct. 30, 1939.

Judgment of Court of Appeal Affirmed by Supreme Court Jan. 9, 1940.

J. V. Thompson, of Alexandria, for appellant.

Polk & Robinson, of Alexandria, for appellee.

TALIAFERRO, Judge.

Plaintiff was injured while performing carpenter work on a dairy barn then being constructed by defendant. He sues for workmen's compensation as in case of permanent total disability, and as a necessary predicate to his cause of action alleges

that defendant is engaged in a hazardous business, to-wit: the operation of a highly mechanized dairy wherein is employed milking and separating machines and other mechanical and electrical appliances; also motor vehicles needful to transport and deliver the dairy products.

Defendant first filed an exception of no cause of action. It was referred to the merits but was not expressly passed on. Answering, he admits that plaintiff was injured from a fall while working for him. He also admits that he operates a small dairy, but denies that it is mechanized. He admits ownership of a truck which he alone drives in the conduct of the dairy business. He denies that said business as conducted by him is hazardous per se nor made so by law; and, therefore, denies that plaintiff's injuries are compensable under the Employers' Liability Act (Act No. 20 of 1914). Plaintiff's demands were rejected and he prosecutes appeal.

Defendant owns a small tract of farm land near the City of Alexandria, Louisiana, and operates thereon a dairy of limited capacity. The barn wherein was situated the equipment used in milking the cows and preparing milk for the market was consumed by fire prior to March 11, 1938, the day plaintiff received injury. Following the fire, the cows were milked by hand and the milk likewise strained and bottled. It was not pasteurized.

A barn being indispensable to the efficient conduct of the dairy business, defendant began the erection of a new one on the site of the old one. He employed a foreman and several helpers. Plaintiff began working for him on the building on February 9, 1938. He had not worked for defendant prior to that time. He was employed solely to do carpenter work on the building and performed only this sort of work while there. He had no contact with the truck defendant personally operated in transporting the milk to market, nor with the preparation of the milk for market.

The business of dairying is not per se hazardous. It is not so declared by the Workmen's Compensation Law. It may be made so by the employment of boilers and other machinery, propelled by steam or electric power. But in the present instance, at time plaintiff was injured, no machinery whatever was being used in the conduct of the business, excepting the truck with which plaintiff had no contact whatever and against the dangers, if any there were,

from its presence and operation, he in no sense was exposed. Defendant and his wife, plus one or two hired men, perform all the work needful to carry on the business and dispose of its products.

When the barn was destroyed, there was therein some equipment propelled by electric energy and after plaintiff was injured and the barn completed, the same sort of equipment was again installed. But this does not alter the legal situation as regards plaintiff's right to recover under the Workmen's Compensation Law, even though it be conceded arguendo that the presence and operation of this equipment at the times stated were sufficient to characterize the dairy business as being hazardous. The mere erection of a building, regardless of ultimate use to be made of it, by one not engaged in building construction as a business or occupation, does not amount to the conduct of a hazardous business or occupation.

It is now well settled in this state that where a business enterprise has both hazardous and non-hazardous features, an employee whose duties require that he perform both sorts of services is entitled to compensation when and if injured while performing non-hazardous services. Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303. But it is also well settled that, as regards such a business, if the duties of an employee do not require him to perform services in a hazardous department thereof, and he is injured while performing the duties he is obligated to perform, such injuries are not compensable. Gray et al. v. Tremont Lumber Co., La.App., 185 So. 314.

Therefore, in either of these contingencies, under the settled jurisprudence, plaintiff's injuries are not compensable.

Plaintiff cites and relies upon Staples v. Henderson Dairy Farms, reported in La.App., 181 So. 48, 49. The deceased in that case was an employee of the defendant, operator of a large dairy. He was killed while driving defendant's truck on a mission for it. Compensation was awarded his widow and minor children, but this ruling was based upon the fact that not only was the truck used in the conduct of the business, but also boilers, engines and other forms of machinery were therein employed, and that deceased had regular intimate contact therewith and kept same in a state of repair. The present case is in no respect, as regards hazardousness of the

business involved, on all-fours with the Staples case.

The judgment appealed from is correct. It is hereby affirmed with costs.