HIGGINS, Justice.
 

 The plaintiff claimed compensation for 400 weeks at the rate of $4.78 per week, alleging that, while he was employed by the defendant as a carpenter in rebuilding a dairy bam on defendant’s farm, his foot and leg were injured, resulting in total and permanent disability.
 

 The defendant admitted that he operated a small dairy and that he employed the plaintiff as a carpenter to assist in rebuilding his dairy barn, which had been destroyed by fire, and that the plaintiff was injured while so employed. He also admitted ownership of a motor truck, which he used in delivering milk and averred that he alone drove the truck. He denied that his dairy, which he operates in connection with his small farm, is mechanized and that his business is hazardous, in fact or in law.
 

 The defense was sustained by the district judge and affirmed by the Court of Appeal of the Second Circuit. 192 So. 738.
 

 
 *178
 
 The plaintiff applied to this Court for a writ of certiorari, which was granted.
 

 The defendant owned a small tract of land, upon which he conducted dairy and farming operations. He had 35 head of cattle and milked about 25 cows each day. The monthly gross receipts from the dairy business averaged between $600 and $700. During the year preceding the plaintiff’s injury, the defendant, through his farming efforts, produced 7 bales of cotton and 50 tons of hay, which were valued at approximately $650. The dairy barn contained a milking machine and a cream separator, which were operated by an electric motor. The building was destroyed by fire and the defendant employed the plaintiff solely and only as a carpenter at $1.25 per day to assist in the reconstruction of the barn. The plaintiff was injured while performing that type of service and is now claiming compensation, alleging total and permanent disability. The defendant was not engaged in repair or construction business.
 

 While the barn was being rebuilt, the defendant milked his cows by hand and the milk was likewise strained and bottled. It was n<?t pasteurized. During that period of time the motor truck was kept on the premises, the defendant alone driving and attending to it, and the plaintiff at no time rendered any services in connection therewith. The barn was erected for the purpose of sheltering the cows and furnishing a place where the milk could be bottled and the accessories kept. The motor truck was not housed there. The plaintiff was injured on March 11, 1938, and thereafter the barn was completed and a cream separator driven by an electric motor was installed. The defendant and the members of his family operated the farm and the dairy with the assistance of one or two laborers.
 

 The sole question before us is whether or not the defendant was engaged in a hazardous business within the meaning of sub-section (a), paragraph 2 of Section 1 of Act 20 of 1914. No where in this sub-section is the operation of a farm or a dairy per se classified as a hazardous business.
 

 The plaintiff contends that, because the dairy bam, prior to the date of the fire, housed the electrically driven milking machine and the cream separator, and after its reconstruction, a small electric motor and cream .separator, and further, because the defendant used a motor truck to deliver milk, the defendant’s dairy is thereby brought within the classification of a hazardous business, as there was the operation of machinery in connection therewith.
 

 The defendant pointed out that the electric milking machine and cream separator were not in use at the time the barn was being rebuilt; that the barn was not used to house the motor truck; that the defendant alone attended to and drove the truck and, therefore, the plaintiff’s services as a carpenter were in no way, even remotely, connected with any machinery whatsoever; and that the machinery in the barn was used only prior to plaintiff’s employment.
 

 Defendant called our attention to the fact that whatever mechanical equipment his finances in the future might permit him to purchase and install in the barn could not be and was not definitely determined at the time
 
 *180
 
 of the plaintiff’s injuries, and that a one-third horse power motor was the extent of the equipment purchased, since the dairy barn was rebuilt.
 

 The testimony of defendant’s witnesses shows that there was not any bottling or pasteurizing machinery in the barn and the defendant’s wife, when asked if they had a bottling machine, stated, “I am the only bottling machine we have ever had in the dairy.” The defendant testified that the members of his family attended to the milking of the cows and the separation of the cream, and that the dairy was operated as a convenience to him and his family, as well as a source of revenue in connection with his farm.
 

 It is, therefore, our opinion that the primary business of the defendant is not hazardous, since he was engaged in farming and dairying and not in the repairing or construction business. Shipp v. Bordelon, 152 La. 795, 94 So. 399.
 

 The cases of Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303, Labostrie v. Weber, 15 La.App. 241, 130 So. 885, and Hecker v. Betz, La.App., 172 So. 816, are not in point, because in those cases, the court concluded that the injured workman had performed a service directly or indirectly in connection with the hazardous part of the defendant’s business. In the instant case, the plaintiff did not operate the motor truck or any machinery owned by the defendant whatsoever nor did he perform any services in connection therewith.
 

 ■ .The case of Staples v. Henderson Jersey Farms, Inc., La.App., 181 So. 48, is entirely different from the present one, because there the dairy was a modern one with all modern mechanical equipment and the services of the plaintiff were rendered in connection therewith.
 

 . In the instant case, as plaintiff’s employment was restricted solely to the rebuilding of the dairy barn and as he was not required by his employment to render any services in connection with the hazardous part of' the deféndant’s business, i.' e., operating the motor truck or the electrically driven milking machine and cream separator, we conclude that his injuries are not compensable, because he sustained them while performing services wholly disassociated from the hazardous part of the defendant’s business. Byas v. Hotel Bentley, supra; Gray et al. v. Tremont Lumber Company, La.App., 185 So. 314; Atkins v. Holsum Cafeteria, Inc., La.App., 159 So. 758, and Foret v. Paul Zibilich Company, 18 La.App. 363, 137 So. 366.
 

 For the reasons assigned, the relief prayed for by the relator is denied at his costs.