### LEWIS v. A. MORESI CO., Limited.
### No. 2124.

Court of Appeal of Louisiana. First Circuit.
May 8, 1940.

C. E. Fernandez, of Franklin, and J. E. Huckabay and Claude E. Fernandez, both of Baton Rouge, for appellant.

L. O. Pecot, of Franklin, for appellee.

LE BLANC, Judge.

The plaintiff in this suit is a negro farm laborer, sixty-two years old, who was employed by the defendant company as a field hand on its sugar cane farm or plantation in St. Mary Parish. On the morning of February 4, 1938, he sustained personal injuries when he fell from a wagon attached to a motor tractor as a trailer, in which he, with a number of other hands, was to be transported from one location in the field where they had been cutting frozen and abandoned cane, to another, where they were to continue the same kind of work.

He claims that he was injured by reason of the careless, reckless and negligent manner in which the driver of the tractor who, at the time, was acting within the course and scope of his employment, started the same with a sudden and severe jerk, causing him to lose his balance and be thrown clear from the trailer or wagon on to the ground and then being rolled over by the wheels of a second wagon or trailer attached to the one from which he had fallen.

In his petition he alleges that the defendant corporation is engaged in agricultural pursuits which is a non-hazardous business or occupation and he therefore predicates his main demand on the general tort law of this State as embodied in Articles 2315 et seq. of the Revised Civil Code. He sets out in detail the nature and the extent of his injuries for which he presents his demand in the sum of $12,000 as damages.

In the event it should be held that his cause of action is governed by the provisions of the Workmen's Compensation Statute, Act No. 20 of 1914, he makes four alternative demands: (1) That he recover compensation at the rate of 65% of his weekly wage of $5.40 for a period not exceeding four hundred weeks as for permanent, total disability; (2) that he recover compensation at the same rate for a period not exceeding three hundred weeks

as for temporary, total disability; (3) that he recover compensation at the same rate for a period of one hundred weeks for impairment of a physical function or permanent disfigurement of the head and face; and (4) that he recover compensation at the same rate from the date of the accident and injury to the latter part of August, 1938, during which time he was confined to the hospital and to his home and unable to do any work whatever.

The defendant for answer to the demand in tort admits that plaintiff was being transported from one location in the field to another in the manner alleged by him but denies that the driver of the tractor was careless or negligent in operating the same. In the alternative, defendant pleads both contributory negligence and the fellow-servant rule as a bar to plaintiff's recovery. It alleges that plaintiff himself was negligent in the manner of holding himself in the wagon, knowing as he did, that the tractor which was to pull the wagon would soon be put in motion. Defendant seems to rely principally however on its defense that if plaintiff has any claim against it whatsoever, the same should be determined and the award fixed under the provisions of the Workmen's Compensation Statute.

The trial judge, after hearing, concluded that plaintiff's demand was governed by the Compensation Law of this State and rendered judgment in his favor awarding him compensation at the rate of $3 per week for a period of one hundred weeks for temporary disability and for serious and permanent disfigurement of the face and head as well, under the provisions of subsection 1(d) 16 of Section 8 of Act 20 of 1914, as amended Act No. 242 of 1928, p. 358. From that judgment plaintiff prosecutes this appeal.

The facts, as revealed by the record, are that plaintiff, with a group of laborers like himself, had been cutting frozen cane in defendant's field on the morning he was injured and after finishing their work at the place where they were working were to be moved to another location to continue that same kind of work. This frozen cane was cane that had been abandoned in the field and it was being cut to clear the land for further planting operations. It is shown that there is no mill or factory on the plantation or in connection therewith and that the defendant's business is strictly cane farming.

Instead of having these laborers walk to the location where they were to continue their work, defendant had provided two cane wagons coupled the one behind the other, and both pulled by a farm tractor, as a means of conveyance. The tractor was driven by one of its employees, Alfred Prevost. The group of men was divided almost equally in the two wagons, plaintiff getting aboard the first or in the one immediately next to the tractor.

These wagons which are used to haul cane in are about 12 ft. long, 4½ ft. wide and 2 ft. deep. The sides flare out and upwards so as to give them a sort of cradle shape. The sides are 4 ft. high but the backs have no protection except for a tail gate 2 ft. high. They were not equipped with seats or benches on the morning plaintiff was hurt and all the men who boarded them had to stand. It is shown that only one of them, Nat Simmons, who was in the same wagon as plaintiff, sat on the tail gate.

On receiving a signal from the overseer in charge of the group of men, given by the blast of an automobile horn, Prevost, the driver of the tractor, put it in motion to start. Whether the movement was sudden and severe or not, the wagon in which plaintiff was standing was jerked sufficiently to cause him to lose his balance and fall out from the rear. He landed on the ground between the two wagons and was rolled over by the wheels of the wagon in the rear. He sustained a fracture of three ribs on the left side of his chest, rather severe lacerations about the head and especially around the forehead and the left eye and some brush burns and abrasions on the face and neck.

Under the facts stated with regard to transporting or conveying the employee, we find a case therefore which is almost similar to that of Tregre v. Kratzer, 148 So. 271, in which this Court held that the claim of the injured employee was not governed by the provisions of the Workmen's Compensation Statute. The difference in the facts presented is that in the cited case the employee who sustained an accidental injury was one of some seventy-five extra laborers the employer found it necessary to hire during the rice harvesting season and sent his truck out daily to transport from their places of residence, in some instances a good distance from the plantation, whereas in this case the plaintiff was to be transported from one location

in the field where he had already been at work to another where he was to continue the same kind of work. Besides, instead of it being a daily practice as we might infer from the facts alleged in the cited case, in the present case it was the first and only time plaintiff had boarded a tractor-hauled wagon to be transported anywhere by the employer.

In deciding whether or not the injured employee in the Tregre case had presented a claim under the provisions of the Workmen's Compensation Statute, this Court applied the doctrine to the effect that it is the nature of the employer's business, trade or occupation which governs and the character of the employee's services is therefore immaterial. If the employer's business, trade or occupation is hazardous, the employee is protected; if it is not, even though the employee may be engaged in hazardous services, he is not protected. That, it seemed to us, was the test as laid down by the Supreme Court in the case of Shipp v. Bordelon, 152 La. 795, 94 So. 399. In this connection see Mitcham v. Urania Lumber Co., La.App., 185 So. 707. As the employer's business and occupation in the Tregre case was exclusively that of rice farming which is not listed as hazardous under the Statute, the employee was held not to be protected. The Court was aware of certain decisions to the effect that where the employer's business partook of both a non-hazardous and a hazardous nature and an employee engaged in some service in that part of it which was hazardous sustained an accidental injury, such employee was held to have a claim within the provisions of the Compensation Act, but such was not the situation concerning the employer in the Tregre case as pointed out in the opinion.

It was distinctly shown that the service of the employee was that of a rice cutter and that he had nothing to do with the operation or driving of the truck.

Since the decision in that case, another Court of Appeal in the State has rendered two decisions in which the provisions of the Statute were made to apply to an employee who was injured while riding in an automotive vehicle furnished by the employer, in one of which, the business conducted was that of department store and in the other farming. These are the cases of Crews v. Levitan Smart Shops, 171 So. 608, and Comeaux v. South Coast Corporation, 175 So. 177. Those decisions appear to be based on the theory that any employer who uses a motor vehicle in connection with his business and the services of certain of his employees require that they operate or ride in such vehicle had the character of hazard impressed on his business insofar as such employees were concerned. This theory seems to be supported, according to those decisions, on that provision in the Compensation Statute which, in enumerating the business, trades and occupations to which the act applies, includes "the installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery." Act No. 20 of 1914, § 1, subd. 2(a).

In the first of those two cases it appears that the injured employee was a trade solicitor who was furnished an automobile and driver by her employer in which she was conveyed from house to house for the purpose of canvassing orders. In order to bring her case within the protection of the Statute the Court stated that "she was thus required to be in constant proximity to the gasoline motor which propelled the automobile in which she was transported from place to place by her employer, thus making her employment hazardous." [171 So. 611.]

In the second of these cases the injured employee, like the one in the case of Tregre v. Kratzer, supra, was a farm laborer who was conveyed to work from his residence at some distance from the plantation to his work in the field, as a matter of daily practice. In that case, the Court found it necessary to refer to its expression in the former case regarding the fact that the employee's services required her to be in constant proximity to the gasoline motor which propelled the automobile in which she was transported, as in the case it then had under consideration, the employee only rode to and from work in a truck. The Court concluded however that it could not make a distinction which it stated would have to be based purely on the extent of contact with the motor vehicle, "and the act does not make a distinction between the employee brought often into contact with machinery and the employee brought into contact only on infrequent occasions." [175 So. 180.] For our part, we entertain a serious doubt that the Compensation Act contemplated any such contact as the mere riding in a truck with absolutely nothing to do with its operation and movement when it included among the hazardous oc-

cupations as listed, "the *installation, repair, erection, removal or operation* of boilers, furnaces, engines and other forms of machinery," and in the case presently before us, we think it would be stretching that provision a bit far in order to bring the injured employee who was entering a tractor-drawn wagon for his first and only ride within its terms. (Italics ours)

But there is another reason why we are of the opinion that the injured employee in this case is not protected by the provisions of the Compensation Statute and in considering it we might well assume that because the employer made use of a tractor on this one occasion, its business had both hazardous and non-hazardous features.

■ In order for the employee's injuries to be compensable it would have to be found that his duties required him to perform both sorts of services. If his duties were confined to the performance of services in the non-hazardous part of the business he is not protected by the provision of the Compensation Act. Rayburn v. De Moss, La.App., 192 So. 738, affirmed by the Supreme Court, 194 La. 175, 193 So. 579. It can hardly be said in a case such as we have here, that an employee who was engaged as and performed the services of a farm laborer as cane cutter, had any duties which required him to come in contact with automotive vehicles where the fact is that he boarded a tractor-hauled cane wagon only once during the period of his employment, which apparently was a long one. We are of the opinion that plaintiff's claim is not governed by the provisions of the Compensation Law of the State and that it was properly presented in the form of a tort action.

■ The defenses to this action are, as previously stated, a plea of contributory negligence and a plea invoking the fellow-servant doctrine. It is significant to note that in its answer to plaintiff's allegation charging negligence to the operator of the tractor, defendant admits that his injuries and damages were "partly caused by the gross negligence, and wanton carelessness on the part of the said Alfred Prevost", who was the driver of the tractor. Having thus admitted the negligence of its employee, defendant necessarily has to rely on its special defenses which it carries the burden to sustain.

■ We fail to find sufficient evidence to support the plea of contributory negligence. The negligence claimed is plaintiff's failure to take proper precaution in holding himself in the wagon but as far as the testimony shows, there was nothing for him to hold on to. He apparently did what the other occupants of the wagon, save one, did. He stood and balanced himself as well as he could. The fact that he lost his balance and fell out of the wagon is proof in itself that there was a jerk of sufficient force to cause his fall and the resulting injuries and damages which he sustained. No other reason therefore is given or even suggested.

■ The fellow-servant rule does not apply for the reason that it was through the operation of the motor-tractor by Prevost, the man in charge of it, that plaintiff, who was a cane cutter and had nothing to do with whatever with the driving of the tractor, was injured. The relation of fellow-servant did not exist between them. In Thode v. Louisiana Railway & Navigation Company, 142 La. 138, 76 So. 587, it was held that the relation did not exist between a carpenter employed by the defendant and the operator of a motor car in which he was being transported to work and through whose negligence in operating the car, he was injured. Other cases are therein cited which are also in point on the nature of the relation necessary in order to have the fellow-servant doctrine applied.

■ Having disposed of all other issues in the case we are left with only the question of quantum to be passed on. We are of the opinion that for the injuries sustained by plaintiff, consisting of the fracture of three ribs, rather severe lacerations and abrasions about the head, face and neck, he is entitled to recover the sum of $1,500. There is some question about his vision being impaired by reason of the injury in the region of his eye but the preponderance of the medical testimony on this point is that he suffers no such impairment.

For the reasons stated, it is now ordered that the judgment appealed from be and the same is hereby reversed and set aside and it is further ordered that there be judgment herein in favor of the plaintiff on his main demand for damages for the personal injuries sustained by him and against the defendant, in the sum of $1,500 with legal interest from the date of judicial demand until paid and for all costs.