In this suit plaintiff claims compensation for 400 weeks at the rate of $13 per week, less $110 paid to him by defendant, alleging that, while he was employed by the defendant as a carpenter in tearing down a porch adjoining a sweet potato kiln, he fell from the roof of the porch, approximately a distance of ten or twelve feet, fracturing the os calcis (heel bone) of his left leg or foot, resulting in total and permanent injury, which injury occurred on May 17, 1943.
The plaintiff alleges that defendant operates a sweet potato kiln in the town of Scott in which there is a combination potato washer, grader and fans operated by electric motors; also in pursuance of his operation of the kiln, defendant has a fleet of trucks, all of which classifies the occupation of the defendant's business as hazardous within the meaning or contemplation of the Workmen's Compensation Statute, Act No. 20 of 1914. He further alleges that prior to his employment as a carpenter to tear down the porch adjoining the potato kiln, he had been employed to work in and about the kiln in the packing and storing of sweet potatoes and the loading of the same in trucks and railway cars.
The defendant, in his answer, admits that he operates a potato kiln in Scott; that he has certain machinery therein; that he employed plaintiff as a carpenter to tear down a porch adjoining the kiln; that plaintiff was injured while so employed; but denies the remainder of plaintiff's allegations. Further, he sets forth that he was a farmer by occupation, operating the kiln on behalf of himself and other farmers so situated; that the kiln was a seasonal operation; that the season was over; that plaintiff was not in his regular employment either on his farm or in the operation of the kiln, being only a casual employee; that plaintiff had been employed for a specific job, after the operation of defendant's kiln was finished, and that the tearing down of a porch was not necessarily connected with the operation of the kiln while the said kiln was not in operation; that he was not in the business of the construction or repair of buildings and that therefore plaintiff's employment or accident was not covered by our Workmen's Compensation Statute.
A trial of the case on these issues resulted in a judgment in favor of defendant, dismissing plaintiff's case. Plaintiff has appealed.
The sole question before us is whether or not the defendant was engaged in a hazardous business within the meaning of subsection (a) paragraph 2 of Section 1 of Act 20 of 1914. Nowhere in this subsection is the operation of a farm and/or a potato kiln per se classified as a hazardous business.
In the case of Rayburn v. De Moss, 194 La. 175, 193 So. 579, the Supreme Court held, quoting from the syllabus which reflects the opinion of the Court, "One operating dairy on his farm was not engaged in primarily 'hazardous business,' though dairy barn housed electric milking machine, cream separator, and small electric motor, and he used motortruck to deliver milk, so that injuries to carpenter in course of his employmentby such operator in rebuilding barn after its destruction byfire were not campensable, as such services were whollydisassociated from hazardous part of employer's business." (Italics ours.) In that case, defendant owned a small farm, upon which he conducted dairy and farming operations. The dairy barn contained a milking machine *Page 137 
and a cream separator, which were operated by an electric motor. The building was destroyed by fire and the defendant employed the plaintiff solely and only as a carpenter to assist in the reconstruction of the barn. The plaintiff was injured while performing that type of service.
In our case, the defendant is a sweet potato farmer on somewhat of a large scale, and in conjunction therewith operates a kiln for his own use and those of his neighbors. The kiln contained a washing machine operated by an electric motor, with chains, and electric fans. The kiln is operated during the months of September to February, plaintiff worked at the kiln at intervals in the packing and crating of sweet potatoes but in no wise in the operating of the washing machine, the running or the taking care of the motor and the electric fans. Plaintiff's employment with defendant was terminated and ceased as of March 1, 1943. The operation of the kiln was completed the latter part of March or the beginning of April, 1943. Defendant then disconnected the electric motor, cleaned and oiled the motor, removed the chains necessary to operate the washing machine and put the chains in oil in order to keep them from rusting. At that time, plaintiff's employment by defendant had ceased for more than a month without any agreement or understanding, express or tacit, that plaintiff was to be re-employed upon the resumption of the operation of the kiln in any manner. In the latter part of April, 1943, defendant purchased a barn from Mrs. Louis Anclet, a neighbor of his; he employed plaintiff to help him demolish the barn, to remove the lumber to one of his farms, to rebuild the barn and to repair other buildings on his farms. Plaintiff thereafter was employed on defendant's brother's farm in the repair of barns and buildings. After the lapse of a week, defendant, on May 17, 1943, employed plaintiff to help in the demolishing of a porch adjoining the potato kiln and in removing the lumber therefrom. It is not shown that this porch was necessary or was in any way used in the operation of the kiln, but to the contrary it appears to have been a useless adjunct to the building in which defendant conducted his operation of the kiln and that he needed the lumber for repairs on his farms. The defendant is not engaged in the construction, demolishing or repairing of buildings as a business, but does keep his buildings in repair or alters them as his farming and kiln operations might require. The injury of which plaintiff complains occurred at about 2:00 P.M., on the same day that plaintiff was employed.
Under these facts, we feel that this case is controlled by the decision of the Supreme Court in the case of Rayburn v. De Moss, supra, which we are bound to follow. In the instant case, as plaintiff's employment was restricted solely to the demolishing of the porch adjoining the kiln, and as he was not required by his employment to render any services in connection with the hazardous part of the defendant's business, i. e., operating the electrically driven washing machine and fans, we conclude that his injuries are not compensable, because he sustained them while performing services wholly disassociated from the hazardous part of the defendant's business.
For these reasons assigned, the judgment of the District Court is affirmed.