This is a suit brought under the Workmen's Compensation Law of Louisiana, Act No. 20 of 1914 and its amendments, which was dismissed on an exception of no right or cause of action in the lower court. An appeal was taken and perfected by the plaintiff from a judgment so decreeing.
In his petition plaintiff had alleged that some time prior to December 26, 1945 he was employed by the defendant O.D. Judge, "as a carpenter and cabinet maker along with some others, to repair defendant's house on the Plank Road in the Parish of East Baton Rouge, and that on or about the 26th day of December, 1945, while so employed, he suffered serious and painful injuries, all of which will be fully described hereinafter * * *." Further he alleged that he was employed "to do construction work on the residence of the said defendant, and that accordingly, in so far as this particular employment was concerned, his employer's business, as well as his employment was of such character as to be hazardous and to make the present claim come within the scope of the Workmen's Compensation Act of the State of Louisiana." Next he alleged that on December 26, 1945, "while he was engaged in repairing the roof of the defendant's *Page 102 
house" he sustained an accident and resulting disability such as would bring his claim within the terms of the compensation law for all of which he then prayed for judgment for the maximum amount of compensation allowed under the law as well as for the maximum amount of medical and hospital expenses.
To this petition defendant filed an exception of no cause or right of action based on two grounds: (a) that plaintiff's petition contained no allegation as to what the usual trade, business or occupation of the defendant was or that the defendant's usual trade, business or occupation was hazardous so as to bring it within the scope of the Workmen's Compensation Law of Louisiana, and (b) that the petition contained no allegation to the effect that plaintiff himself was employed in the usual trade, business or occupation of the defendant or that the said usual trade, business or occupation of the defendant was hazardous so as to bring his alleged injury within the scope of the provisions of the law. Defendant also filed an exception of vagueness which was based pretty much on the same ground as the exception of no cause or right of action.
These exceptions resulted in the filing of a supplemental petition by the plaintiff in which he alleged that the defendant "is engaged in the business, among other things, of buying and selling cattle, and in that connection he owns and operates trucks propelled by gasoline engines, and other motor vehicles and thus his business is hazardous under the Workmen's Compensation Act of the State of Louisiana." The further allegation was made that in connection with his said business, the defendant employed plaintiff, along with others, "to do certain repair work upon a building which served as a residence and also a place of business for the said defendant, and petitioner is informed and believes, and therefore alleges, that the building now serves the defendant as a residence and place of business."
We have presented before us therefore that intricate question as to how far the provisions of the Employers' Liability Law should be applied to persons who are engaged by an employer whose business, although not hazardous under the provisions of the law itself, does use and operate in connection therewith, automotive vehicles or stationary machinery which may be said to convert at least part of his business into one that is hazardous and would therefore come within the provisions of the law.
[1] Broadly stated, the jurisprudence in Louisiana, in cases of this kind, is to the effect that where an employer's main or primary business is nonhazardous but some features of it partake of a hazardous nature and one of his employees is engaged in both parts of the work, his injury may be compensable even though it should occur when he is engaged in the performance of his duties in the nonhazardous part. But, as stated, he must be engaged in both features of the work or at least it should appear that his services are occasionally connected either directly or indirectly with the hazardous part of the business. Where the service he is performing at the time of the accident is wholly disassociated from the hazardous feature of the business his injury and resulting disability is not compensable. Rayburn v. De Moss, 194 La. 175, 193 So. 579; Duhon v. Lormand, La. App., 22 So.2d 136. In Brownfield v. Southern Amusement Co., 196 La. 73, 198 So. 656, the injured emloyee was a lady who was engaged as manager of a moving picture theatre and her duties were principally of a clerical nature. She was injured when she fell from a tall stool on which she was seated at the cashier's window of the theatre while in the performance of some of her duties. She sued for compensation on the theory that her claim was governed by the workmen's compensation statute because she occasionally used her automobile in carrying on a small part of her managerial duties. The court found however that the accident and her resulting injury had no relation whatever to the use of an automobile and her claim for compensation was denied.
[2] In this case whilst plaintiff has alleged a fact which may bring the employer's business within the scope of the compensation law since he averred that in operating his cattle business (which is not *Page 103 
included among the hazardous occupations listed in the statute) he used motor trucks and other motor vehicles in connection therewith (which would have the effect of rendering that part of the business hazardous) he did not allege any fact which would indicate that the services he was performing at the time of his injury had any connection, even remotely, with the storage, maintenance or operation of the trucks or other motor vehicles. Nor did he allege that ever, directly or indirectly, or even occasionally, his duties required that he come in contact with the hazardous feature of the employer's business. All that he alleged, in effect, was that he was employed as a carpenter and cabinet maker, along with others, by the defendant, to repair the latter's house which he used as a residence and place of business. Whilst he did allege that in connection with his business, defendant operated trucks propelled by gasoline engines, and other motor vehicles, nowhere did he allege that his duties as a carpenter in repairing defendant's house brought him in contact in any manner whatsoever with those trucks or other motor vehicles. The cases of Hecker v. Betz, La. App., 172 So. 816 and Collins v. Spielman, 200 La. 586, 8 So.2d 608, relied on by plaintiff do not serve as authority to support his claim. In Rayburn v. De Moss, supra, [194 La. 175, 193 So. 580] which we hold governs this case, the Supreme Court specifically stated that Hecker v. Betz was not in point because in that case, as well as in others that are mentioned, "the court concluded that the injured workman had performed a service directly or indirectly in connection with the hazardous part of the defendant's business." The same might be said with regard to the case of Collins v. Spielman.
Conceding therefore that the plaintiff in the present case could prove all the facts alleged by him in both his original and supplemental petitions, he still could not recover and for that reason we hold that the district judge was correct in sustaining the exception of no cause or right of action and in dismissing his suit.
Judgment affirmed. *Page 129