ELLIS, Judge.
The plaintiff brought this suit against the defendant and his insurer in which he is seeking recovery of compensation for permanent and .total disability as the result of an- alleged accident on December 25, 1946. In the alternative plaintiff alleged that should the Court find that its claim does not come under the Workmen’s Compensation Law, Act No-. 20 of 1914, as amended, that he is entitled to damages under Article 2315, C.C.
In their answer, the defendants denied that the defendant Brandin was engaged in a hazardous business but admitted that he was the owner and operator of the Audubon Hotel at Mandeville, Louisiana. It is admitted that the defendant insurance company had issued a policy of insurance to the defendant Brandin under the Workmen’s Compensation Act of Louisiana. Defendants denied that the plaintiff was employed at $25.00 per week but admit that he was employed as a handyman at $5.00 per week, and, in addition, received board and lodging which amounted to $7.25 per week. Defendants also denied that plaintiff was toally and permanently disabled as a result of the accident and further denied that plaintiff was entitled to damages under his alternative plea, and specifically averred that the accident and injury of the plaintiff was the result of the misconduct and intoxication of plaintiff and his disobedience of orders.
It is further admitted by the defendants that certain compensation payments were made to the plaintiff through error and the insurance company has filed a reconventional demand seeking the recovery of the amount of the payments and the amount expended for medical, hospital and surgical bills in behalf of plaintiff.
The case was duly tried and judgment rendered in favor of the defendants dismissing the suit of the plaintiff at his cost, and further judgment on the reconventional demand in favor of the defendant, New Amsterdam Casualty Company, and against the' plaintiff and • defendant in reconvention in the amount of $826.36. It is from this judgment that the plaintiff has appealed.
The testimony shows that the defendant Brandin operated a small hotel and rooming house in the town of Mandeville, Louisiana, known as the Audubon Hotel, and that the plaintiff, Robin, an uncle of the defendant Brandin’s wife, was engaged: as a handy man around this hotel. It is shown that the plaintiff made some repairs, did some painting, built a child’s play house in the yard,-and he also put in fresh light bulbs when they burned out and remained at the hotel when the defendant Brandin and his wife were away in order to register any guests who might arrive. While the defendant Brandin denied that plaintiff’s duties required him to do anything except remain at the desk in their absence and that any painting or repair work done by the plaintiff was voluntary,-we are not impressed with this testimony.
In connection with the operation- of the hotel, the defendant Brandin owned an automobile which he used in obtaining groceries and supplies when necessary and also for the personal use of himself and his wife. It is also shown that this automobile might have been used on a few occasions to transport guests to and from the bus station which was a distance of some eight blocks from the hotel. The transporting of the guests was done as an accommodation and there was no charge made. Defendant also maintained a small electric sign which contained two electric light bulbs in front of his hotel and the bulbs would burn out approximately every fifteen days and the plaintiff would screw in new bulbs.
It appears that on the afternoon of December 25,- 1946 the defendant Brandin wished to change a bulb in the sign in front of the hotel and, accordingly, backed his automobile under the sign and placed a ladder upright from the trunk of the car to the frame which held the lights; that after he had put the trunk lid down and tried it so as to jam the bottom of the ladder to prevent it from slipping back, he went back into the hotel to get the light bulb. He testified that he told the *426 plaintiff twice not to climb the ladder, that he was going to put the bulb in himself as the plaintiff was intoxicated, and while the defendant Brandin was inside obtaining the light bulb the plaintiff Robin did climb the ladder and fell and received injuries for which he is attempting to collect in this suit.
The Lower Court found the facts to be practically the same as ■ heretofore outlined and held that the defendant Brandin was not operating a hazardous business. As to the use of the car in connection with the operation of the hotel, the District Court said: “Certainly the limited manner in which he used this car in connection with the business could not consider the operation of the hotel in this case to be classified as a hazardous business. Particularly is this true where it is shown that the plaintiff’s work was in nowise connected with said automobile. * * * ”
The Lower Court relied upon the case of Gallien v. Judge, La.App., 28 So.2d 101; McAllister v. Peoples Homestead & Savings Association, La.App., 171 So. 130, and LaFleur v. Johnson, La.App., 37 So. 2d 869.
There is no dispute that the operation of a hotel is not designated in the Workmen’s Compensation Act as a hazardous business, but it is possible for the operation to be hazardous if in connection therewith certain motors, machines, elevators, etc., are essential in the conduct of the business. Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303. If it be conceded that the use of the automobile in connection with the operation of the Hotel rendered the defendant’s business hazardous in this respect, it is also well settled that the plaintiff, in order to recover must show that his services were connected with the hazardous part of the. business. Gallien v. Judge, supra; McAllister v. Peoples Homestead and Savings Ass’n, supra; Richardson v. American Employees Insurance Co., La.App., 31 So.2d 527; Haddad v. Commercial Motors Truck Co., 146 La. 897, 84 So. 197, 9 A.L.R. 1380; Collins v. Spielman, 200 La. 586, 8 So.2d 608.
Under the facts in this case the plaintiff was not employed to nor was he required to operate the automobile nor to ride in the automobile. It is shown that on some occasions he rode in the car when1 the defendant Brandin went to buy groceries or supplies, but he did this for his own pleasure as testified to by the defendant Brandin and his wife, and no where in his own testimony did plaintiff state that it was a part of his duties to go in the automobile of to help carry supplies or groceries to or from this automobile. Therefore, if the use of the automobile in connection' with the operation of the hotel might have' rendered this part of the business hazardous, it would not affect the paintiff as his duties were in no wise connected with this hazardous feature.
Counsel for plaintiff contends that the maintenance of the electric sign which hung over the front of the hotel and an electric deep freeze unit was a part of the hotel business and that as the plaintiff took care of this sign by changing the globes regularly this made the business hazardous and plaintiff’s, duties in connection therewith entitled him to recover compensation under the authority of Stockstill v. Sears Roebuck & Co., La.App., 151 So. 822, 823. In the latter case the plaintiff was employed by .the defendant company and among his duties was that of arranging for" display electric refrigerators and delivering and installing same after being sold to customers, and it was while moving or attempting to move one of the refrigerators that he injured his back. The Lower Court sustained an exception of no cause of action,'and on appeal Judge Tal-iaferro as the organ of the Court stated: “One of the hazardous occupations named in section 1, par. (a), subsection 2, of the Workmen’s Compensation Law, as amended, is: ‘The construction, installation, operation, alteration, removal or repair of wires, cables, ■ switchboards or apparatus-charged with electrical current.’ ”
“It is not alleged, and we do not know, what the process of installing one of these refrigerators may include. Counsel for defendant state that it simply consists of moving it close enough to the socket in *427 the wall to- insert the plug at the end of the short cable attached to the refrigerator, and that by doing this the current becomes effective. This may be true as a rule, but it could happen that the electric wiring of the house to some extent would have to be adjusted or rearranged in some respects , to accommodate the refrigerator. It is not improbable that the location of a wall socket would have to be changed to suit the wishes of the housewife, and many more contingencies could arise that would require the handling, moving, and attaching of electric wires in order to install the refrigerator. Some refrigerators are installed in the walls of business houses, meat markets, etc., and considerable labor and material are required to accomplish this. To finally install a refrigerator in place and condition to function, it may be necessary to alter, remove, or repair wires or cables ‘charged with electric current,’ and this line of business is specifically declared hazardous by the act.”
The Court then reversed the District Court and remanded the case for proof.
There is nothing in this record to show that plaintiff ever had to alter, remove or repair wires or cables, “charged with electric current.” He merely screwed a bulb in the socket, and in the Stockstill case it appears that if the plaintiff was only required to insert the plug at the end of the short cable attached to the refrigerator that the ruling would have been different. Therefore, if we concede that the operation of the Audubon Hotel by the defendant Brandin was both hazardous by virtue of the use of the automobile in connection therewith, and non-hazardous, still, the plaintiff’s duties did not require him to come in contact with the hazardous feature of the business, and the operation of the deep freeze unit with which plaintiff had nothing to do, and the maintenance, consisting of the replacing of electric light bulbs in a small sign in front of the hotel did not render that feature of the business hazardous, and plaintiff is, therefore, not entitled to compensation.
The mere fact that the defendant Brandin carried compensation insurance and that the plaintiff was paid compensation in the erroneous belief that he was entitled to it might be a circumstance tending to show that the insurance company believed that his injuries were compensable and that they were liable, but such facts do not estop the defendants from denying any liability under the compensation law when they learned that they were not, in fact, liable.
As to the plaintiff’s right of recovery under Article 2315 of the Civil Code, we are of the opinion that there is no merit in this contention. We agree with the trial judge in his written reasons for judgment wherein he states:
“The plaintiff has set up an alternative plea in which he alleges that should the Court find that he is not entitled to recovery under the Compensation Act, then he is entitled to recover en torte under the provisions of Article 2315 of the Civil Code, as a result of the negligence and want of care in the failure of the defendant, Brandin, to furnish. to the plaintiff a safe place in which to work. It is true that the placing of the ladder in the trunk of the car under the circumstances created a rather unsafe place for anyone to work, but I am satisfied from the testimony that it was never the intention of Brandin that the plaintiff, Robin, was to climb this ladder and install the light in the socket. Brandin states that when Robin came on the scene he. realized that Robin was intoxicated and specifically instructed him not to get on the ladder. • While Robin denied this he admits that Brandin did not tell him to get on the ladder, but says he did it because that was his job. After a careful consideration of all the testimony in this case I am rather inclined to believe that Robin remembered whether Brandin instructed him to stay off the ladder or not, because I am satisfied that Robin was fairly well intoxicated at the time. Not only does the testimony of both Mr. and Mrs. Brandin bear this out, but also the testimony of Dr. Archibald, a disinterested witness, who treated the plaintiff immediately after the accident. It does seem that had Brandin intended that Robin install the light he *428 would have had him make the necessary preparation for the installation, rather than making it himself, and too, the fact that he was going into the hotel to get another light bulb adds weight to his testimony that he intended to install the light and instructed Robin not to get on the ladder. Too, it is reasonable to assume that Bran-din believed from Robin’s intoxication he would fall from the ladder and get hurt. Consequently I am of the opinion that rather than any negligence on the defendant, Brandin’s, part the accident was caused by Robin voluntarily getting on the ladder in an intoxicated condition. * * * ”
In addition, we are of the opinion that this ladder did not slip backwards but slipped to the side and fell. The fact that it was placed in the trunk of the automobile had nothing to do with the ladder moving. Furthermore, there is no doubt that the plaintiff was drinking as testified to by defendant and his wife and the doctor who rendered first aid immediately after the accident. We gained the impression from the doctor’s testimony that it was his opinion that this man was intoxicated. Further, it is shown by the testimony that the defendant Brandin usually held the ladder so that the plaintiff could replace the bulb, and if he had intended for the plaintiff to replace the bulb on the day he was hurt, he would have again held the ladder rather than placing it in the trunk of the car. Also, the plaintiff had no bulb to screw in the socket when he went up the ladder, from which we conclude that there was no intention on the part of Brandin for the plaintiff to climb this ladder, and he wilfully did so in disobedience of definite instructions. The defendant Brandin had, therefore, not provided this place for the plaintiff to work and is not liable under the doctrine that the master must provide a safe place to work. '
As to the recovery by plaintiff in reconvention of $500.00 medical, hospital and surgical bills, the insurance company moved plaintiff, the defendant in recon-vention, from the Charity Hospital where he would have obtained free service, into the Baptist Hospital, a private institution, and it is not entitled to recover for services which the plaintiff would have obtained without charge .except for their action.
As to the compensation erroneously paid in' the sum of $326.36; the defendant insurance company, plaintiff in reconvention, was entitled to a judgment for its recovery.
As amended the judgment is affirmed at defendant’s-appellee’s costs.