ELLIS, Judge.
Plaintiff is appealing from a judgment which denied him workmen’s compensation as prayed for in the amount of $19.50 per week for 47 weeks plus medical expenses and costs.
The defendant denied that the plaintiff sustained an accidental injury during his employment but contended that if he did sustain such an injury it jvas not compen-sable as defendant was not engaged in a hazardous occupation and, finally, if it should have been found that the defendant’s business and trade had both hazardous and nonhazardous feature's, that plaintiff was employed to perform and did perform only services entirely nonhazardous and, consequently, any such alleged injury is not compensable.
The record reveals that the defendant had contracted with several farmers' to sack their rice stored in the Roanoke Rice Drier and to haul it to a nearby warehouse for storage at a set price per sack. The *648 defendant - bad no- connection with the Roanoke Rice Drier and neither was he a party to the contract between the defendant and the farmers. It is shown that the defendant, in furtherance of his contract with the farmers, employed the plaintiff along with others to sack the rice in what was designated a “sacking room”, which was a separate room or compartment on the south end of the rice drier used exclusively for such purpose. It is further shown that the sacking room did not contain any machinery of any kind and that the plaintiff did not perform any services for the. defendant in, -on or around the trucks which hauled the rice from the drier to the warehouse. The defendant had made a contract with certain truck owners at so much per sack to haul the rice after it was sacked at the Roanoké Rice Drier to the warehouse. The only services performed by the plaintiff were in the sack room, and after a sack had been filled by use of a shute which came down from above into the sack room, the plaintiff would assist in dragging the sack from the shute to the parties who were sewing the opening in the sack.
The plaintiff claimed that he had injured his back in dragging the sack, and, admitting that he suffered a back injury in the manner claimed, under the facts he was not engaged in a hazardous employment under the Compensation Law. See Gray v. Tremont Lumber Co., La.App., 185 So. 314; Rayburn v. DeMoss, La.App., 192 So. 738; Horton v. Western Union Telegraph Company, La.App., 200 So. 44; Duhon v. Lormand, La.App., 22 So.2d 136; Caldwell v. George Sproull Company, Inc., La.App., 164 So. 651; Rester v. Community Stores, Inc., La.App., 169 So. 183, and cases cited therein.
It is further contended, however, that the defendant had instructed Miller Joseph, one of the truck owners, to transport the, plaintiff, among other employees, to their work.
It was- stipulated that Joseph, the truck owner whom,the defendant had employed as one of the conveyances to haul the rice from the drier to the warehouse, would have sworn .that the defendant.asked him to obtain some labor in Jennings, Louisiana, and that as the result of this request he secured the services of, the plaintiff for the defendant and it is shown that the plaintiff rode from Jennings to Roanoke in Joseph’s truck. The plaintiff went to work on the 4th of October and was injured on the following day. It is plaintiff’s contention that under these facts the plaintiff should recover and cites Griffin v. Catherine Sugar Company, Inc., 219 La. 846, 54 SoSd 121.
The Trial Judge found, and we think correctly, that the defendant did not agree to transport plaintiff or any other worker, and that he did not designate nor authorize Joseph as his agent to transport workers, which would include the plaintiff to and from the drier, and, therefore, the Griffin case, supra, as well as other cases cited by the plaintiff are inapposite.'
The judgment of the District Court dismissing the plaintiff’s suit was proper and is affirmed at the cost of plaintiff.